# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN MATEO-PONCE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | Case No. 1:26-cv-02717-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENT'S MOTION TO DISMISS, AND ORDER RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING<br><br>ORDER JOINING WARDEN OF MESA VERDE DETENTION CENTER AS RESPONDENT, DIRECTING CLERK OF COURT TO ADD WARDEN OF MESA VERDE DETENTION CENTER AS A RESPONDENT, AND TERMINATING PETITIONER'S REQUEST FOR STATUS<br><br>(ECF No. 11) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Honduras who entered the United States on June 4, 2021 without inspection. Petitioner was arrested by immigration officers and subsequently released. (ECF No. 8 at 2; ECF No. 8-1 at 2.[1]) Accordingly to the Form I-213,[2] on February 2, 2026, after a brief

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] "A Form I-213 is 'a recorded recollection of a[n INS agent's] conversation with the alien' which 'border agents routinely complete after interviewing aliens.'" Smith v. Garland, 103 F.4th 663, 665 (9th Cir. 2024) (alteration in original) (quoting Espinoza v. INS, 45 F.3d 308, 310 & n.1 (9th Cir. 1995)).

foot chase immigration officers arrested Petitioner "without a warrant due to violations of U.S. immigration laws and his ATD [Alternatives to Detention] absconder status, specifically tampering or cutting the strap of a GPS monitor." (ECF No. 8-1 at 2.)

On April 10, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention. (ECF No. 1.) The Court construed the petition "as raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention." (ECF No. 5 at 1.) On May 3, 2026, Respondent filed a motion to dismiss and response to the petition. (ECF No. 8.) To date, no traverse has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A.  Proper Respondent

Respondent moves for the petition to be dismissed because Petitioner failed to name his immediate custodian. (ECF No. 8 at 4–5.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024). However, failure to name Petitioner's immediate custodian as a Respondent does not warrant dismissal. See Dubrin v. California, 720 F.3d 1095, 1100 (9th Cir. 2013) (rejecting government's argument that petitioner's "technical deficiency" in failing to name state official who has custody of him as respondent warranted dismissal). "The Court 'may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a).'" Cinthia Jessica C.Q. v. CoreCivic Inc., No. 1:25-cv-01900-KES-SKO (HC), 2025 WL 3694459, at n.1 (E.D. Cal. Dec. 19, 2025) (quoting Jones v. Schwarzennegger, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008)). Accordingly, the Court joins the Warden of the California City ICE Processing Center as Respondent to this action and recommends finding that dismissal of the petition is not warranted on this ground.

2

**B. Due Process**

Respondent argues that "[a]s a noncitizen subject to the mandatory detention framework of Section 1225(b), Petitioner is not entitled to custody redetermination hearings by immigration judges or hearings before detention or re-detention." (ECF No. 8 at 5.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends granting the petition for writ of habeas corpus for the reasons addressed in those prior orders. Further, given the allegation that Petitioner tampered or cut the strap of his GPS monitor, which Petitioner has not disputed, the Court further recommends ordering Respondent to provide Petitioner with a bond hearing before a neutral decisionmaker where the government bears the burden to demonstrate that Petitioner is a flight risk or danger to the community by clear and convincing evidence.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED.

2. Respondent be directed to provide Petitioner with an individualized hearing before a neutral decisionmaker where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify his detention.

Further, the Court HEREBY ORDERS that:

1. The Warden of the California City ICE Processing Center is JOINED as a Respondent in this matter and DIRECTS the Clerk of Court to add the Warden of the California City ICE Processing Center as Respondent.

2. Petitioner's request for status (ECF No. 11) is TERMINATED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4